# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. S/B/M TO WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>          Plaintiff,<br><br>     v.<br><br>PAUL PIECZYNSKI,<br><br>          Defendant. | CIVIL ACTION NO. 3:17-CV-00422<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is a motion to remand the above-captioned action to the Court of Common Pleas of Luzerne County, Pennsylvania, filed by Plaintiff, Wells Fargo & Company, N.A. (hereinafter "Wells Fargo") on March 13, 2017. (Doc. 6). Upon detailed review of the arguments raised by the Parties in their respective briefs, for the reasons provided herein, it is respectfully recommended that Wells Fargo's Motion to Remand (Doc. 6) be granted. The Court further recommends that Defendant's "Motion to Rule in Favor and Permanently Bar Ejectment and Remove Color of Title Sheriff's Deed Levy Possible Sanctions and Award Damages" (Doc. 11) be denied as moot.

## I.    B<small>ACKGROUND AND</small> P<small>ROCEDURAL</small> H<small>ISTORY</small>

This is an ejectment action commenced in the Luzerne County Court of Common Pleas ("State Court") upon the filing of a Complaint on January 27, 2017 under Docket No. 2017-1027. (Doc. 6, at 2). The relevant facts stem from a foreclosure action brought by Wells Fargo against the Defendant, Paul Pieczynski (hereinafter "Pieczynski"), on April 4, 2014 in State Court. (Doc. 6-6, at 4). After the State Court rendered a ruling in favor of Wells Fargo, (Doc. 2,

at 2), the foreclosed upon property was sold to Wells Fargo at a Sheriff's sale on June 2, 2016. (Doc. 9, at 2). As a result of the sale, Pieczynski commenced a miscellaneous action in Federal Court ("Miscellaneous Action") by filing a "Motion to Vacate Final Judgment and to Vacate Sheriff Sale based upon fraud on the Court" on August 31, 2016. [1] (Doc. 6-6, at 4). While the Miscellaneous Action was pending, Wells Fargo filed a State Court complaint in ejectment on January 27, 2017. (Doc. 9, at 2). The complaint was personally served on Pieczynski on February 1, 2017 by the Luzerne County Sheriff (Doc. 6-2, at 3), and Pieczynski filed a Notice of Removal on the docket of his pending miscellaneous action ("First Notice") on February 14, 2017. (Doc. 6, at 3). On February 28, 2017, the District Court ruled on Pieczynski's Miscellaneous Action and dismissed it with prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[2] (Doc. 6-6, at 8). The District Court further found that Pieczynski's First Notice did not properly remove Wells Fargo's ejectment action, which remained pending in State Court. (Doc. 6-6, at 2). Specifically, the Court indicated that in order to properly remove the case from State Court, Pieczynski needed to initiate a new federal action

---

[1] A "District Court [is] entitled to take judicial notice of prior opinions to establish the procedural history of [a] case." *Jonas v. Gold*, 627 F.App'x 134, 137 n.4 (3d Cir. 2015) (citing *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Accordingly, the Court has taken judicial notice of the Miscellaneous federal action captioned 3:16-MC-339, as well as the publicly available dockets of civil proceedings in the Court of Common Pleas of Luzerne County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

[2] "There are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alteration in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

and "not merely file a notice of removal on the docket of an already pending federal action." (Doc. 6-6, at 2).

Thereafter, Pieczynski commenced the present action in federal court by filing a Notice of Removal on March 7, 2017 ("Second Notice"). (Doc. 1). On March 13, 2017, Wells Fargo filed a Motion to Remand the ejectment action to State Court, asserting that Pieczynski's removal was untimely under 28 U.S.C. §1446(b). (Doc. 6). Wells Fargo also argues that removal is improper as Pieczynski failed to allege any basis for subject matter jurisdiction in the Second Notice, the ejectment action does not invoke a federal question, and Pieczynski is a citizen of Pennsylvania, or the forum in which the State Court ejection action was brought. (Doc. 6, at 4-5). Wells Fargo's Brief in Support of the Motion to Remand was filed on March 20, 2017, (Doc. 9) and Pieczynski filed a response in opposition on March 31, 2017. (Doc. 10). Having been fully briefed, this matter is now ripe for adjudication.

## II. REMOVAL STANDARD

The removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441–1455. Under § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446 of the removal statute sets forth the procedures for removal, explaining that a defendant seeking removal of an action must file a petition for removal with the district court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action "within [thirty] 30 days after the receipt by the

3

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §§ 1446(a)–(b).

A plaintiff, in turn, may move to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien,* 631 F.Supp.2d 601, 607 (E.D.Pa.2008) (quoting *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 352 (3d Cir.1993)). However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 – 109 (1941); *Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007); *see also Samuel–Bassett,* 357 F.3d at 396.

### III. DISCUSSION

#### A. TIMELINESS OF REMOVAL

In the instant Motion to Remand, Wells Fargo challenges the timeliness of Pieczynski's removal. (Doc. 6). Specifically, Wells Fargo submits that Pieczynski filed the Second Notice

4

after the thirty (30) day removal period had expired.³ (Doc. 6, at 4). As discussed *supra*, under 28 U.S.C. §1446(b) a party sued in state court may remove the case to federal district court within "thirty [30] days after the receipt…, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The thirty [30] day limitation is mandatory and the court is without discretion to expand it." *DiLoreto v. Costigan*, No. CIV.A. 08-989, 2008 WL 4072813, at *2 (E.D. Pa. Aug. 29, 2008) (citing *Collins v. Am. Red Cross*, 724 F.Supp 353, 359 (E.D. Pa. 1989)); *see also Carlyle Inv. Mgmt. v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015). Further, removal under the statute is "to be strictly construed against removal and all doubts should be resolved in favor of remand." *DiLoreto*, 2008 W.L 4072813 at *2 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Here, the record before the Court indicates that Wells Fargo's complaint in ejectment was filed in State Court on January 26, 2017, and served upon Pieczynski on February 1, 2017. (Doc. 6, at 2; Doc. 6, at 3). However, Pieczynski did not move to remove the present action to federal court until March 7, 2017, which was four (4) days past the statutorily mandated thirty (30) day removal period.⁴ (Doc. 1). As four (4) days had passed between the statutory removal

---

³ The Court notes that Wells Fargo's Motion to Remand on the basis of this procedural defect was timely filed within thirty (30) days of Pieczynski's Second Notice, pursuant to 28 U.S.C. § 1447(c). (Doc. 6).

⁴ The Court recognizes that Pieczynski did previously attempt to file a timely First Notice of removal on February 14, 2017. (Doc. 6-3, at 3). However, while 28 U.S.C. §1446 does not prohibit successive removal attempts, it "expressly forbid[s] *untimely removals*." *A.S. ex rel. Miller v. SmithKline Beecham Corp.,* 769 F.3d 204, 209 (3d Cir.2014) (emphasis added). Further, Pieczynski implies that Wells Fargo was not prejudiced by the successive removal, as he had

5

period and the filing of the Second Notice of Removal, Pieczynski's removal to federal court is deemed untimely.[5] *See e.g. Chamberlain v. Twp. of Saddle Brook*, No. CV158366SDWLDW, 2016 WL 2643100, at *2 (D.N.J. Apr. 19, 2016), *report and recommendation adopted*, No. 2:15-CV-8366-SDW-LDW, 2016 WL 2624913 (D.N.J. May 9, 2016) (Holding that removal was untimely when one (1) day had passed since the thirty (30) day removal deadline under 28 U.S.C. §1446(b)); *Baldwin v. Ace Hardware Corp.*, No. CV 13-1986-SLR-SRF, 2014 WL 788833, at *2 (D. Del. Feb. 26, 2014), *report and recommendation adopted*, No. CV 13-1986-SLR/SRF, 2014 WL 1231073 (D. Del. Mar. 20, 2014) (Holding removal was untimely when four (4) days had passed since the thirty (30) day removal deadline under 28 U.S.C. §1446(b)). Accordingly, because Pieczynski did not timely file his Second Notice of removal, this Court recommends that Wells Fargo's Motion to Remand to State Court be granted.

---

already attempted to remove the case in his First Notice. (Doc. 10, at 3). Nevertheless, the filing of Pieczynski's Second Notice does not "relate back" to the First Notice under Fed.R.Civ.P. Rule 15(c), as presumably alluded to. *See Brewer v. Geisinger Clinic, Inc.*, No. 3:CV-01-2080, 2002 WL 57259, at *5 (M.D. Pa. Jan. 15, 2002) ("…removal statutes are subject to strict construction, and there is no suggestion in the removal statute that 'relation back' principles should be used to judge the timeliness of a notice of removal."); *see also Altieri v. Liberty Mut. Fire Ins. Co.*, No. CIV.A. 15-1818, 2015 WL 1868600, at *2 (E.D. Pa. Apr. 23, 2015) ("There is no relation-back mechanism available in the removal context, [as Fed.R.Civ.P] Rule 15(c) applies only to amended pleadings.").

[5] Pieczynski avers that any non-compliance with the thirty (30) day removal deadline was because his time to respond was "us[ed] up," as it would take "five to six [5-6] days to receive [court documents]." (Doc. 10, at 2-3). The Court is not persuaded, however, that this excuses his failure to comply with established procedural deadlines under 28 U.S.C. 1446. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) (Stating that pro se litigants, while afforded some flexibility, must still "abide by the same [procedural] rules that apply to all other litigants."). Indeed, Pieczynski's untimely Second Notice was more accurately a result of his lack of diligence when filing the First Notice. As such, the Court will not deviate from the mandatory thirty (30) day removal limitation.

B. S<span style="font-variant:small-caps">ubject</span> M<span style="font-variant:small-caps">atter</span> J<span style="font-variant:small-caps">urisdiction</span>

Notwithstanding procedural defect, remand is also proper if this Court does not possess subject matter jurisdiction over the instant action. Subject matter jurisdiction may be predicated on federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. A federal court is required to assess its own jurisdiction over any controversy it may hear, even when the parties have not asserted any jurisdictional question. *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("[Federal Courts] are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction.").

While the Court is mindful that that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice," *Alston v. Parker,* 363 F.3d, 229, 234 (3d Cir. 2004), *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims.

1. **Federal Question Jurisdiction**

Federal question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, a federal question exists where a well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983). "At the pleadings stage, the presence of federal question jurisdiction turns on whether 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hubi v. Nalty*, No. CIV.A. 10-3821, 2011 WL 2292808, at *1 (E.D. Pa. June 8, 2011) (quoting *Bracken v. Matgouranis,* 296 F.3d 160, 163 (3d Cir. 2002)).

As a preliminary matter, the cover sheet that Pieczynski filed with his Second Notice of removal does not indicate that the basis for jurisdiction is predicated upon a federal question. (Doc. 1-1). Further, Wells Fargo argues that there is no basis for federal question, as "the sole claim in the ejectment complaint is for ejectment under Pennsylvania law." (Doc. 9, at 10). However, as alleged by Pieczynski in the Second Notice of Removal, "the matter involves a land patent which is derived from the U.S. Constitution, and any attack on it makes the United States of America a party of interest." (Doc. 1, at 2). Pieczynski further avers that removal of the ejectment action "is an automatic judicial event, immediate by operation of law, [under] 28 U.S.C. 1441." (Doc. 1, at 2).

Simply stated, Pieczynski's allegation, even if liberally construed, does not implicate federal question jurisdiction.[6] Indeed, "it is well settled [] that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress." *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985); *see e.g. Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 676-77 (1974); *DeBiasse v. Chevy Chase Bank Corp.*, 144 Fed. App'x 245, 247 (3d Cir. 2005). Moreover, Wells Fargo's ejection action lies exclusively within the jurisdiction of the state courts, as a federal question does not appear on the face of the complaint.[7] (Doc. 6-4, at 2, 7). Thus, the

---

[6] The Court recognizes that Pieczynski had advanced various arguments in his brief in opposition that state the existing land patent is "indestructible" and "immune from state laws and case law." (Doc. 10, at 7, 10). Such claims, however, are irrelevant and not dispositive of the issue of federal question jurisdiction.

[7] In his Brief in Opposition, Pieczynski avers that the ejectment action should more appropriately be characterized as a controversy over "superior title," and not a land dispute

8

Second Notice of Removal provides no basis for this Court to invoke federal question jurisdiction over Wells Fargo's claim against Pieczynski.

### 2. Diversity Jurisdiction

The Court also considers whether diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(1), given the absence of a federal question. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." "Jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). In addition, an action can only be removed on the basis of diversity jurisdiction if no defendant is a citizen of the State in which the action is brought. 28 U.S.C. 1441(b)(2).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179 182 (3d Cir. 2008) (citation omitted). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir.1972). A corporation, however,

---

(which, he concedes, does not implicate federal question jurisdiction). (Doc. 10, at 6). This Court, however, is not persuaded by Pieczynski's assertion, as Courts have consistently held that such claims involving land patents and superior title are frivolous when invoked to circumvent foreclosure and eviction actions. *See Flores v. Wells Fargo Bank, N.A.*, No. 12-C-1191, 2013 WL 1192767, at *2 (E.D. Wis. Mar. 22, 2013); *see e.g. Wisconsin v. Glick,* 782 F.2d 670, 671–72 (7th Cir.1986).

"shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Although not expounded upon in his Second Notice of Removal, Pieczynski appears to invoke diversity jurisdiction on the cover page he filed with the Second Notice in federal court. (Doc. 1-1). Wells Fargo argues that diversity jurisdiction is lacking, as Pieczynski has failed to establish that the amount in controversy exceeds $75,000, or that the value of the foreclosed upon property exceeds $75,000. (Doc. 9, at 12). Indeed, Pieczynski addresses the alleged existence of diversity jurisdiction for the first time in his brief in opposition, merely stating "the controversy does exceed $75,000 and [the] parties are from different states []."[8] (Doc. 10, at 2). However, as discussed *supra*, 28 U.S.C. § 1441(b)(2) does not allow for removal of a civil action if the "defendant[] is a citizen of the State in which such action is brought." Here, it is apparent from the record that Pieczynski is a resident of Luzerne County, Pennsylvania (Doc. 1; Doc. 1-1), where Wells Fargo commenced the State Court ejectment action. (Doc. 6-4). Accordingly, pursuant to the "forum defendant rule" under 28 U.S.C. 1441(b)(2), the Court recommends that

---

[8]In his Brief in Opposition, Pieczynski submits that he is not a citizen of Pennsylvania, as he has expatriated himself from the "corporate United States, States, and their political subdivision jurisdictions" under the Fourteenth Amendment. (Doc. 10-1, at 7). Thus, he appears to presume that as a result of his declaration of expatriation (Doc. 10-1, at 7) Pennsylvania Courts lack jurisdiction over him. (Doc. 10, at 11-12). This argument, however, is without merit. *See United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir.1992)* (finding that defendant's argument that he was not subject to U.S. tax laws, as he was a citizen of the "Republic of Idaho" and not the United States, was "completely without merit" and "patently frivolous"). Moreover, Pieczynski cannot renounce his citizenship in an attempt to evade State Court jurisdiction in one instance (Doc. 10 at 11-12) only to then claim it as the basis for federal diversity jurisdiction in the next. (Doc. 10, at 2).

the present matter be remanded, regardless of whether diversity jurisdiction exists under 28 U.S.C. 1332.

**IV.** **RECOMMENDATION**

Based on the foregoing, it is recommended that Wells Fargo's Motion to Remand (Doc. 6) be **GRANTED**. Specifically, it is recommended that:

1. The Court **GRANT** Wells Fargo's Motion to Remand to the Luzerne County Court of Common Pleas (Doc. 6); and

2. The Court **DENY** Pieczynski's Motion to Rule in Favor and Permanently Bar Ejectment and Remove Color of Title Sheriff's Deed Levy Possible Sanctions and Award Damages (Doc. 11) as moot.

BY THE COURT:

**Dated: November 13, 2017**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. S/B/M TO WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL PIECZYNSKI,<br><br>    Defendant. | CIVIL ACTION NO. 3:17-CV-00422<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 13, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 13, 2017                                    s/ Karoline Mehalchick
                                                                          **KAROLINE MEHALCHICK**
                                                                          **United States Magistrate Judge**